NOT FOR PUBLICATION

| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>Caption in Compliance with D.N.J. LBR 9004-2(c) | Case No. 20-23856 (MBK) |
|---|---|
| In re:<br><br>J&J Pizza, Inc.,<br><br>                              Debtor. | Chapter 11<br><br>Hearing Date: July 15, 2021<br><br>Judge:   Michael B. Kaplan |

**Marc C. Capone, Esq.**
Gillman, Bruton & Capone, LLC
60 Highway 71, Unit 2
Spring Lake Heights, NJ 07762
*Counsel for Chapter 11 Debtor*

**Steven D'Agostino**
25 Nautilus Drive
Barnegat, NJ 08005
*Creditor*

## MEMORANDUM OPINION

This matter comes before the Court on a motion ("Motion") (ECF No. 112) filed by general unsecured creditor, Steven D'Agostino, ("Mr. D'Agostino") seeking sanctions pursuant to Federal Rule of Bankruptcy Procedure 9011 against counsel for the debtor, Marc Capone, Esq. ("Counsel"). In response, Counsel filed a cross motion ("Cross Motion") (ECF No. 118) seeking the imposition of sanctions pursuant to Rule 9011 against Mr. D'Agostino. The Court has reviewed all submissions and has considered fully the arguments presented during oral argument on the hearing date of July 15, 2021. For the reasons set forth below, the respective motions seeking the impositions of sanctions will be DENIED WITH PREJUDICE.

I.   **Background**

The factual background and procedural history of this matter are well known to the parties and will not be repeated in detail here. Counsel for the debtor, J&J Pizza, Inc. ("Debtor"), filed a chapter 11 petition on December 23, 2020. Mr. D'Agostino, a general unsecured creditor holding a disputed and unliquidated claim, filed this Motion on April 26, 2021 seeking to impose sanctions against Counsel.  In response, Counsel forwarded to Mr. D'Agostino a "safe harbor" letter advising Mr. D'Agostino to withdraw his motion or be prepared to respond to a cross motion for sanctions. Mr. D'Agostino declined to withdraw his motion; therefore, Counsel filed the Cross Motion.

**A. Mr. D'Agostino's Motion**

In his Motion, Mr. D'Agostino contends that Counsel committed intentionally fraudulent acts against him and this Court, warranting sanctions under Federal Rule of Bankruptcy Procedure 9011 ("Rule 9011"). The crux of Mr. D'Agostino's argument involves what the Court shall refer to as the "Whiteout Issue." Before sending Mr. D'Agostino his copy of the Debtor's Small Business Plan of Reorganization, Counsel used whiteout to alter Mr. D'Agostino's creditor class number. Specifically, Counsel obscured a number "6" in the "Class # box" with whiteout and overwrote the whiteout with a number "7." *See Mr. D'Agostino's Motion to Sanction Debtor's Counsel,* ECF No. 78, Exhibit A. Meanwhile, Counsel separately classified Mr. D'Agostino as a Class 6 creditor in the original chapter 11 small business subchapter V plan ("Plan") (ECF No. 67) and the amended plan ("Amended Plan") (ECF No. 70) filed on the Court's docket. A problem arose, however, because Counsel had also designated equity holders as Class 6 in these plans. Accordingly, Counsel filed a third amended plan ("Third Amended Plan") (ECF No. 81) on April

27, 2021, which placed Mr. D'Agostino in Class 5 with other general unsecured creditors. After Mr. D'Agostino realized that his mailed copy had been altered with whiteout and that there were discrepancies with the plans on the docket, he filed a motion (ECF No. 78) to simultaneously dismiss Debtor's bankruptcy and sanction Counsel.

Given the allegations and the incongruities between the various plans, the Court had serious concerns. The Court directly addressed the Whiteout Issue at the hearing on May 20, 2021. Counsel clarified that he mistakenly had classified Mr. D'Agostino—who is a general unsecured creditor—as a Class 6 creditor in the Plan and Amended Plan. After realizing that he had identified the equity holders as Class 6 as well, Counsel made the whiteout correction to the plan mailed to Mr. D'Agostino. Counsel further explained that while it was his initial intent to separately classify Mr. D'Agostino into a new class, Class 7, he changed course when formulating the Third Amended Plan, deciding instead to place Mr. D'Agostino with other general unsecured creditors in Class 5. The Court was satisfied with this explanation and entered an Order (ECF No. 95) denying Mr. D'Agostino's motion to dismiss and for sanctions against Counsel. Nevertheless, in the instant Motion Mr. D'Agostino again raises the Whiteout Issue as a basis for sanctions against Counsel.

Additionally, Mr. D'Agostino asserts that Counsel intentionally committed fraud on him and the Court by denying the Whiteout Issue in a letter dated May 4, 2021 (ECF No. 87, Exhibit A), and again in Counsel's May 15, 2021 certification (ECF No. 88).

**B. Counsel's Cross Motion**

Counsel argues that the present Motion is identical to Mr. D'Agostino's first motion for sanctions, which the Court denied. Counsel asserts that the only purpose for bringing the current

3

Motion is to harass, cause unnecessary delay, and needlessly increase the cost of litigation. While Counsel acknowledges that courts may treat self-represented litigants with wide latitude to ensure equality amongst the parties, Counsel maintains that Mr. D'Agostino does not actually fall into this category. Instead, Counsel contends that Mr. D'Agostino should be treated as a "veteran litigation attorney" because he is a "serial litigant." *Certification of Counsel in Support of Cross-Motion for an Order Imposing Sanctions Against Steven D'Agostino*, ECF No. 118. In support of this position, Counsel includes a list of lawsuits initiated by Mr. D'Agostino over the past 20 years.

**II.    Discussion**

Mr. D'Agostino and Counsel have brought their respective motions under Rule 9011, which states the following:

> By presenting to the court . . . a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,
>
> > (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
> >
> > (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
> >
> > (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> >
> > (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

FED. R. BANKR. P. 9011(b). Essentially following the logic of Rule 11 of the Federal Rules of Civil Procedure, Rule 9011 is "designed to deter abusive practices and otherwise streamline

4

litigation." *In re Theokary*, 468 B.R. 729, 746 (Bankr. E.D. Pa. 2012), *aff'd sub nom. Theokary v. Shay*, No. 10-0058, 2013 WL 5823849 (E.D. Pa. Oct. 29, 2013), *aff'd sub nom. In re Theokary*, 592 F. App'x 102 (3d Cir. 2015) (*referencing In re Schaefer Salt Recovery, Inc.,* 542 F.3d 90, 97 (3d Cir.2008)); *see also In re Taylor*, 655 F.3d 274 (3d Cir. 2011) (discussing Rule 11 in context of a motion under Rule 9011); *In re Schemelia*, 607 B.R. 455, 459 (Bankr. D.N.J. 2019) (noting that decisions discussing Rule 11 are "useful guides" for cases involving Rule 9011) (citing *Cinema Serv. Corp. v. Edbee Corp.*, 774 F.2d 584, 585 (3d Cir.1985) ("The text of the Rule tracks Fed. R. Civ. P. 11, with only such modifications as are appropriate in bankruptcy matters.")). Any person, attorney, or self-represented party who signs a pleading has an obligation to make a reasonable inquiry into the facts and law that support that pleading. FED. R. BANKR. P. 9011(b); *see also In re Schemelia*, 607 B.R. at 459. The Court may impose sanctions at its own discretion should it believe subsection (b) of Rule 9011 has been violated by an attorney or self-represented party. FED. R. BANKR. P. 9011(c) (stating that a court may "impose an appropriate sanction upon the attorneys, law firms, **or parties** that have violated subdivision (b)") (emphasis added); FED. R. CIV. P. 11 advisory committee's notes (stating that the obligations imposed by Rule 11 apply to *pro se* litigants); *In re Miller*, 730 F.3d 198, 203 (3d Cir. 2013); *see also In re Kristan*, 395 B.R. 500 (B.A.P. 1st Cir. 2008) (affirming bankruptcy court's imposition of sanctions against self-represented party under Rule 9011). A bankruptcy court's decision to impose sanctions is based on an objective standard of reasonableness under the circumstances, and no showing of bad faith is necessary. *See In re Taylor*, 655 F.3d 274 (3d Cir. 2011); *In Re: Charles Eric Kern, Debtor,* No. 20-18381*,* 2021 WL 3518806, at *6 (Bankr. D.N.J. Aug. 10, 2021); *see also In re Freeman*, 540

B.R. 129, 138–39 (Bankr. E.D. Pa. 2015) (collecting authorities). Sanctions under Rule 11 or Rule 9011 in the Third Circuit are appropriate under exceptional circumstances "where the claim or motion is patently unmeritorious or frivolous." *Schemelia*, 607 B.R. at 459 (internal quotations and citations omitted); *see also Doering v. Union Cty. Bd. of Chosen Freeholders,* 857 F.2d 191, 194 (3d Cir. 1988); *Gant v. Ragone*, No. 20-1727, 2021 WL 3144620, at *1 (D.N.J. July 26, 2021).

### A. Mr. D'Agostino's Motion

While Counsel's conduct concerning the use of whiteout and the multiple plan filings on the Court's docket may be viewed as reflecting an unacceptable degree of sloppiness, such actions are not sufficient to warrant sanctions under Rule 9011. Counsel never denied on the record his use of whiteout to change the class number on the plan sent to Mr. D'Agostino. Rather, he acknowledged and explained his mistake of misclassifying Mr. D'Agostino as a separate Class 6 creditor in the initial plans. This Court regards any other statements made—verbal or otherwise—concerning the Whiteout Issue as stylistic argument and bravado on Counsel's part.[1] No documents filed with the Court bore any whiteout submissions. Thus, the Court finds no evidence of fraud or misrepresentation on the Court by Counsel. *See* FED. R. CIV. P. 11 advisory committee's note (explaining that "[t]he rule applies only to assertions contained in papers filed with or submitted to the court"). Moreover, while Counsel may have been inattentive to details and altered his

---

[1] Counsel's certification dated May 15, 2021 sets forth that Mr. D'Agostino's motion contains only "unsupported allegations and scurrilous slander [that] do not set forth any cause for dismissal." *Certification of Counsel in Opposition*, ECF No. 88 at 2. Additionally, Counsel states that Mr. D'Agostino's certification contains "false statements, wild conjecture and conclusory statements." *Id.*

strategy, which inadvisably resulted in his decision to use whiteout, Counsel's actions do not rise to the level of sanctionable conduct.

The Court is not persuaded by the out-of-circuit cases cited by Mr. D'Agostino, and finds them to be factually distinguishable. For example, unlike the circumstances presented here, the sanctionable conduct in *In re Hoover* was egregious and repetitive in nature. *Baker v. Harrington (In re Hoover)*, 827 F.3d 191 (1st Cir. 2016). In *In re Hoover*, the appellate court affirmed the bankruptcy court's imposition of sanctions because the attorney's conduct was "not uncharacteristic . . . [and] on at least three prior occasions [the attorney] had been sanctioned by different sessions of the court for conduct that included asserting frivolous defenses, advancing arguments contrary to express statutory provisions, and filing a meritless motion for sanctions." *Id. at* 195. Further, the sanctionable conduct in *Collar v. Abalux, Inc.* involved inaccurate financial records and claims based on an incorrect legal principle. *Collar v. Abalux, Inc.*, No. 16-20872, 2018 WL 3328682, at *1 (S.D. Fla. July 5, 2018). In this case, Counsel's conduct regarding the Whiteout Issue was a single, isolated act, which had no prejudicial impact on Mr. D'Agostino's legal rights. Counsel's actions were neither repetitive nor egregious, and the documents he filed on the Court's docket did not contain any inaccurate information or assert incorrect legal principles. Counsel explained his mistake in detail and to the Court's satisfaction.

Furthermore, Mr. D'Agostino's assertion that this Court *must* sanction Counsel is legally inaccurate. Rule 9011(c) states that, "[if], after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court **may** . . . impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are

7

responsible for the violation." FED. R. BANKR. P. 9011(c) (emphasis added). Based on the plain language of the statute—which incorporates the permissive term "**may**" as opposed to a mandatory directive term like "shall"—the decision of whether to impose sanctions is left to the Court's discretion. *See In re Schemelia*, 607 B.R. at 459 (holding that "the imposition of sanctions falls to the discretion of the Court") (citing *In re 15375 Mem'l Corp.*, 430 B.R. 142, 150 (Bankr. D. Del. 2010)). Significantly, the cases that Mr. D'Agostino cites in support of his argument that this Court "must" impose sanctions pre-date the 1993 amendments to Rule 11. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 110 S. Ct. 2447, 110 L. Ed. 2d 359 (1990); *Robinson v. Nat'l Cash Reg. Co.*, 808 F.2d 1119 (5th Cir. 1987). Indeed, under the pre-1993 version of Rule 11, courts were required to impose sanctions if a Rule 11(b) violation was found. However, the 1993 amendments changed the language from a mandatory directive—"shall impose sanctions"—to a permissive one—"may impose sanctions." Thus, the amendment explicitly made the decision of whether or not to impose sanctions discretionary. FED. R. CIV. P. 11 advisory committee's note (1993); *see also Ipcon Collections LLC v. Costco Wholesale Corp.*, 698 F.3d 58, 63 (2d Cir. 2012) (holding that pre-1993 cases saying that sanctions are mandatory are "no longer good law").

### B. Counsel's Cross Motion

The Court finds that sanctions against Mr. D'Agostino under Rule 9011 are inappropriate at this time. As an initial matter, the Court will not consider matters outside the present bankruptcy case in determining whether sanctions are warranted. Thus, Mr. D'Agostino's prior litigation activity is irrelevant, and the Court considers him a self-represented litigant for purposes of the Cross Motion. The Court recognizes that pleadings filed by self-represented parties should be

construed more liberally than those prepared by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007) (holding that "a document filed *pro se* is to be liberally construed"). Notwithstanding the latitude and leniency afforded to a self-represented party due to lack of legal sophistication, this Court will not excuse a party that files wasteful, time-consuming, and litigious motions. *See, e.g., Inst. for Motivational Living, Inc. v. Doulos Inst. for Strategic Consulting, Inc.,* 110 F. App'x 283 (3d Cir. 2004) (affirming imposition of sanctions against *pro se* litigant for vexatious litigation); *In re Galtie*ri, No. 00-42549, 2007 WL 2416425, at *8 n.5 (Bankr. D.N.J. Aug. 17, 2007), *aff'd sub nom. Galtieri v. Kane*, No. 00425-49, 2008 WL 958048 (D.N.J. Apr. 8, 2008) (observing that "the court on its own initiative can impose sanctions upon a *pro se* party for filing frivolous litigation"); *Kristan*, 395 B.R. at 509–10 (holding that the bankruptcy court did not abuse its discretion in determining that the [self-represented] debtor violated Bankruptcy Rule 9011(b) after consuming the docket with baseless pleadings riddled with unsupported arguments and allegations).

Given the circumstances of this case, Mr. D'Agostino was understandably confused and concerned regarding his treatment under the Debtor's plan of reorganization. It appears that he did not receive an adequate explanation for the Whiteout Issue until the hearing date on his initial motion for sanctions. Although Mr. D'Agostino asserts many of the same allegations in the instant Motion, the Court liberally construes his submission as reflecting a misunderstanding of the facts and the law, which—by way of this Opinion—the Court has now clarified.

Furthermore, it is evident from Mr. D'Agostino's submissions that he believes his first sanctions motion was denied due to a "fatal technical default;" namely, his failure to provide

Counsel with a "safe harbor" letter as required by Rule 9011(c)(1)(A). *Motion to Impose Sanctions*, ECF No. 112 at 4. Mr. D'Agostino explains that he served Counsel with a copy of the instant Motion on May 24, 2021 and filed the Motion on the docket more than 21 days later—after Counsel "failed to rectify the offending conduct." *Id*. In liberally construing his submissions, the Court views the instant Motion not as a repetitive filing, but as a filing that Mr. D'Agostino believed cured a procedural defect and was consistent with Court rules. Accordingly, Mr. D'Agostino's actions do not rise to the level of sanctionable conduct at this juncture.

### C. Future Filings

The parties should be aware that this Court may reconsider sanctions should they undertake to file additional repetitive pleadings and other frivolous filings. Indeed, the Third Circuit has identified "various sources of authority by which bankruptcy courts may impose sanctions," including "(1) on the Court's own initiative pursuant to Rule 9011(c)(1)(B); (2) using the Court's inherent power to sanction; or (3) under 11 U.S.C. § 105." *In re Miller*, 730 F.3d 198, 206 (3d Cir. 2013) (internal quotations omitted); *see also* 28 U.S.C. § 1927 (permitting courts to award costs against attorneys who "unreasonably and vexatiously" multiply proceedings). This Court will not hesitate to explore sanctions under these options should it feel necessary to do so.

To be clear, this Court takes no issue with parties employing the substantive law and procedural rules to further vindicate and protect their rights. However, the parties are admonished that this Court is not to be used as a playground for the bored, or as a vehicle for financial gain. *See, e.g.*, *Tekno Prod., Inc. v. Glove Trends, Inc.*, No. 19-91, 2019 WL 4228685, at *5 (D.N.J. July 26, 2019), *report and recommendation adopted*, No. 19-91, 2019 WL 4220901 (D.N.J. Sept. 5,

2019) (putting party on "on notice that any future abusive conduct or failure to conduct his defense in a professional and cooperative manner may not be treated so leniently").

### III.    Conclusion

For the reasons set forth above, both the Motion for sanctions filed by Steven D'Agostino (ECF No. 112) and the Cross Motion for sanctions filed by Marc Capone, Esq. (ECF No. 118) are DENIED WITH PREJUDICE. This Court will enter a form of order consistent with this Opinion.

Honorable Michael B. Kaplan<br>
United States Bankruptcy Judge

Dated: August 17, 2021